IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| **LESTER L. CORLEY** | **PLAINTIFF** |
| versus | **CIVIL ACTION NO. 5:08cv177-DCB-MTP** |
| **UNITED STATES OF AMERICA** | **DEFENDANT** |

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Motion to Dismiss or Alternatively, Motion for Summary Judgment [10] filed by the United States of America. Having reviewed the submissions of the parties and the applicable law, the undersigned recommends that the motion be granted and that Plaintiff's claims be dismissed without prejudice.

FACTUAL BACKGROUND

Plaintiff Lester L. Corley, is currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"). On May 26, 2005, Plaintiff was sentenced to 151 months of incarceration followed by five years of supervised release, by the Honorable Judge Edenfield in the Southern District of Georgia for Distribution of Five Grams or More of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). Plaintiff's projected release date is November 11, 2013. *See* Ex. 1 to Motion [10].

Plaintiff filed this action pursuant to the Federal Tort Claims Act ("FTCA") on April 10, 2008, naming the following Defendants: Bureau of Prisons ("BOP"), United States Federal Employee, Warden Bruce Pearson, Warden M. L. Rivera, Unknown Mmingledoff, Tami Cassaro, and Lisa M. Sunderman.[1] In response to the court's Order [2] directing Plaintiff

---

[1] Plaintiff incorrectly filed his complaint as a habeas corpus petition under 28 U.S.C. § 2241. On April 16, 2008, the court entered an Order [2] stating that this case should be filed under the Federal Tort Claims Act, and not the habeas statute, 28 U.S.C. § 2241, and directed the Clerk of Court to edit the docket to reflect same.

to amend his complaint to name the proper defendant, Plaintiff filed an Amended Complaint [5] naming the United States of America as a Defendant in this case. On June 25, 2008, the court entered an Order [6] dismissing all Defendants except for the United States, holding that it was the only proper Defendant in this action pursuant to 28 U.S.C. § 2679(a).

In his Complaint, Plaintiff alleges that he was placed in the Special Housing Unit ("SHU") at the Federal Correctional Institution in Estill, South Carolina ("FCI Estill") pending a transfer to FCC Yazoo City. While in SHU, a Corrections Officer informed Plaintiff that his property would remain in the Receiving and Discharge's ("R&D") property storage room because Plaintiff was scheduled to leave FCI Estill on October 23, 2007. That same day Plaintiff asked the Corrections Officer if the BOP would conduct an inventory of his property. The officer stated he did not have the time to conduct the inventory because he was busy dealing with other inmates, but as soon as he did get the time, he would "mail it out." Complaint [1] at 4. Plaintiff then asked the officer what property he could take with him to FCC Yazoo City, and the officer allegedly told him that the BOP would not take any of his property since he would not be present for the inventory of his property.

Subsequently, Plaintiff was transferred to FCC Yazoo City. Soon after his transfer, Plaintiff was informed by the R&D Officer that his property had arrived at the institution. During the inventory of Plaintiff's property, he noticed a "[l]ot of [his] personal items were missing. . . ." Complaint [1] at 4. Plaintiff informed the R&D Officer that some of his property was missing, and the R&D Officer told him to write a report and list the missing items.

The Complaint fails to identify the items Plaintiff claims are missing; however, his Administrative Tort Claim, which he attached to the Complaint, lists the specific items. Plaintiff claims he is missing the following items: one pair of Koss Pro headphones, valued at $84.50; four headbands that have a total value of $6.80; one tank top, valued at $13.80; four tube

socks, for a total value of $6.80; one jockstrap, valued at $3.90; one pair of weightlifting gloves, valued at $8.85; one pair of white Nike Air Forces (tennis shoes), valued at $65.00; one grape soda and one Pepsi, having a total value of $4.80; and one sewing kit, valued at $1.90, for a total amount of $196.35. Plaintiff requests to be compensated $196.35 for replacement of the missing items due to BOP staff members' negligence and wrongful conduct in misplacing or losing his property. Additionally, Plaintiff alleges that multiple BP-383 forms[2] were generated, with some forms failing to list all of his property.[3]

Plaintiff submitted a claim for administrative settlement under the FTCA dated November 20, 2007. *See* Complaint [1-2] at 3. In the claim, Plaintiff sought reimbursement for numerous items he claimed were missing, for a total value of $196.35. Plaintiff's claim was considered and investigated, and on March 24, 2008, Plaintiff's claim was denied based on the investigation and recommendation from FCI Estill. *See* Complaint [1-2] at 1-2.

On August 26, 2008, the United States filed its Motion to Dismiss or Alternatively, Motion for Summary Judgment [10]. Plaintiff did not respond to the motion. By Order [13] dated October 15, 2008, the court directed Plaintiff to respond to the motion on or before October 29, 2008. Plaintiff did not respond to the motion or file any further pleadings, despite the gratuitous grant of additional time to do so. Thus, the motion is ripe for consideration.

STANDARD

The United States moved for dismissal of the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction based on an exception to its waiver of sovereign immunity. *See* 28 U.S.C. § 2860(c). Under Rule 12 (b)(1), "[l]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone;

---

[2] A BP-383 Form is a BOP Form for recording inmates' personal property. *See* Ex. 3 to Motion [10].

[3] Plaintiff incorrectly identified the forms as "form 40s."

3

(2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof for a motion to dismiss under Rule 12(b)(1). *Ramming*, 281 F.3d at 161. "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

When considering a motion to dismiss under Rule 12(b)(1), the court must accept all well-pleaded facts as true and view all facts in a light most favorable to the plaintiff. *See Benton v. United States*, 960 F.3d 19, 21 (5th Cir. 1992). Further, this court may not grant a motion to dismiss "unless it appears certain that the plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief." *Benton*, 960 F.3d at 21.

## ANALYSIS

The FTCA creates "a limited waiver of sovereign immunity making the United States liable to the same extent as private parties for certain torts of federal employees acting within the scope of their employment." *Montoya-Ortiz v. Brown*, 154 Fed. Appx. 437, 439-40 (5th Cir. 2005) (citing *Unites States v. Orleans*, 425 U.S. 807, 813 (1976); 28 U.S.C. § 1346(b)). Defendant claims that this matter should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction based on an exception to its waiver of sovereign immunity. Specifically, Defendant claims that Section 2680(c) of Title 28 carves out an exception to its waiver under the FTCA.

Section 2680(c) provides, in pertinent part, that "[t]he provisions of [the FTCA] shall not apply to . . . any claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c) (2006). Defendant claims that this exception applies to this action since

4

Plaintiff is alleging that his goods were detained by a BOP officer.

In support of its position, Defendant cites to a Fifth Circuit case that is factually similar to the instant case, *Chapa v. U.S. Dep't of Just.*, 339 F.3d 388 (5th Cir. 2003). In *Chapa*, a federal prisoner filed suit under the FTCA to recover damages for personal property that was lost during his transfer from one correctional facility to another. *Chapa*, 339 F.3d at 389. The United States filed a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, which the district court granted, holding that it lacked subject matter jurisdiction pursuant to 28 U.S.C. § 2680(c). *Id.* at 389-91. The plaintiff appealed, arguing that the exception created by Section 2680(c) did not apply because the phrase "any other law enforcement officer" does not include BOP staff members, and because the BOP's process of inspection and inventory before shipping a prisoner's property is not a "detention" of that property within the meaning of the Section. *Id.* at 389-90.

Construing the FTCA's waiver of sovereign immunity strictly, the Fifth Circuit held that BOP employees are "law enforcement officer[s]" for purposes of Section 2680(c). *Id.* at 390. Further, reasoning that the BOP officials took temporary custody of and detained Chapa's property pursuant to the process of inspection and inventory, the Fifth Circuit held that there was a "detention" for purposes of Section 2680. *Id.* at 390-91; *see also Crawford v. U.S. Dep't of Just.*, 123 F. Supp. 2d 1012 (S.D. Miss. 2000) (dismissing federal prisoner's suit to recover damages for lost property under the FTCA for lack of subject jurisdiction pursuant to Section 2680(c) because "any other law enforcement officer" includes BOP staff members).

The Supreme Court recently issued an opinion on this issue in a case factually similar to the instant action, supporting the Fifth Circuit's reasoning in *Chapa* and this court's reasoning in *Crawford*. In *Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831 (2008), the Supreme Court affirmed

5

the dismissal of a case filed by a federal prisoner under the FTCA to recover damages for personal property lost during his transfer from one correctional facility to another for lack of subject matter jurisdiction. In holding that the plaintiff's claim was barred by the exception in Section 2680(c), the Court held that the phrase "any other law enforcement officer" included BOP officers.[4] *Id*. at 835-41.

Defendant urges that like the plaintiffs in *Ali* and *Chapa*, Plaintiff is a federal prisoner suing the United States under the FTCA to recover damages for lost personal property. Like *Ali* and *Chapa*, Defendant claims the BOP neither searched, seized, nor arrested Plaintiff's property. Instead, during the process of inspecting and inventorying the property prior to its shipment, the BOP took temporary custody of Plaintiff's property.

Based on the reasoning in *Ali* and *Chapa*, the undersigned concludes that the BOP "detained" Plaintiff's personal property within the meaning of Section 2680(c). Further, based on the Supreme Court's holding in *Ali*, the undersigned concludes that the BOP staff members are included in the phrase "any other law enforcement officer" under Section 2680(c). Accordingly, this court, like the courts in *Ali* and *Chapa*, lacks subject matter jurisdiction because 28 U.S.C. § 2680(c) is an exception to the United States' waiver of sovereign immunity in suits arising out of claims for lost property filed under the FTCA.[5]

---

[4]The Supreme Court assumed, without deciding, that the BOP officers "detained" plaintiff's property, thus satisfying the the Section's phrase "arising in respect of ... detention[;]" the Eleventh Circuit Court of Appeals held that the "detention" clause was satisfied, and petitioner expressly declined to raise the issue on certiorari. *Id.* at 835 n.2.

[5]The court notes that the exception contained in Section 2680(c) does not apply to:

> any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if--

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Defendant's Motion to Dismiss [10] be granted and that Plaintiff's claims be dismissed without prejudice.[6]

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
(2) the interest of the claimant was not forfeited;
(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law . . . .

28 U.S.C. § 2680(c). Although Plaintiff has not asserted that this exclusion to the exception applies to his case, such argument would lack merit. Based on the holding in *Ali*, Plaintiff cannot rely on the exclusion stated above because his property was not seized for the purpose of forfeiture, but instead, was inspected and inventoried for shipping. *See Ali*, 128 S. Ct. at 837.

[6]Given the undersigned's conclusion that this court lacks jurisdiction, it need not address the Defendant's remaining bases for dismissal or for summary judgment.

THIS, the 4th day of December, 2008.

s/ Michael T. Parker<br>United States Magistrate Judge